**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2429-17T2

STATE OF NEW JERSEY,

       Plaintiff-Respondent,

v.

DANIEL A. CATALANO,

       Defendant-Appellant.

_____

Submitted January 14, 2019 – Decided January 25, 2019

Before Judges Sabatino and Haas.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-01-0212.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Tiffany M. Russo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Daniel Catalano appeals from the Law Division's July 17, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing, and the court's September 11, 2017 order denying his motion for reconsideration. We affirm.

On August 25, 2014, a team of State Troopers was conducting a surveillance of an alley in Newark. According to his written report, Detective Meyers observed defendant engage in a hand-to-hand drug transaction with another individual.[1] Defendant then got into his co-defendant's[2] car and drove away. The Troopers stopped the car and, after searching defendant, found seventy-five bags of heroin in his sweatshirt.

Based upon this evidence, an Essex County grand jury returned a five-count indictment charging defendant with third-degree conspiracy, N.J.S.A. 2C:25-2 and N.J.S.A. 2C:35-5(a)(1) (count one); third-degree possession of heroin, N.J.S.A. 2C:35-10(a) (count two); third-degree possession of heroin, with the intent to distribute it, N.J.S.A. 2C:35-5(a)(1) and (b)(3) (count three);

---

[1] The detective's report, which was provided to us by the parties at our request following the submission of their appellate briefs, stated that he "was able to see [defendant] with an unobstructed view from an undisclosed location."

[2] During his plea colloquy, defendant testified that the co-defendant, who was driving the car, had no knowledge that defendant was in possession of heroin.

A-2429-17T2

third-degree possession of cocaine, N.J.S.A. 2C:35-10(a) (count four); and third-degree possession of cocaine with the intent to distribute it, N.J.S.A. 2C:35-5(a)(1) and (b)(3) (count five).

Defendant's attorney filed a motion to suppress the heroin. The attorney asserted that although defendant was in the alley as claimed by the Troopers, he did not engage in any drug transaction. In addition, defense counsel argued that the alley was so narrow that the Troopers could not have seen into it if they were conducting their surveillance while sitting in their unmarked undercover car located on the adjacent street.

Several months later, the State offered to dismiss counts one, three, four, and five of the indictment if defendant agreed to plead guilty to count two, possession of heroin. The State also stated it would recommend that the trial judge sentence defendant to a three-year term with no period of parole ineligibility, and that this term should be concurrent to an anticipated custodial sentence defendant expected to receive in Monmouth County on unrelated offenses. Defendant agreed to this proposal, and defense counsel withdrew the suppression motion. The judge thereafter sentenced defendant in accordance with his negotiated plea.

Defendant filed a timely petition for PCR. Defendant argued that his plea attorney provided ineffective assistance by failing to properly investigate his case. In support of this assertion, defendant retained an investigator who took photographs from various locations he personally selected into the alley. From the vantage points the investigator chose, he stated he could not see into the alley. Defendant claimed that if his plea attorney had hired an investigator prior to his plea to take similar photographs, defendant would not have withdrawn his motion to suppress and, instead, could have proven that the Troopers had fabricated their claims that they observed him engage in a drug transaction while in the alley.

In a thorough oral opinion, Judge Michael Petrolle considered defendant's assertion and denied his petition. The judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that a defendant's performance was deficient and that, but for the deficient performance, the result would have been different.

Judge Petrolle observed that defendant's attorney filed a motion to suppress the heroin, but defendant then decided to accept the State's plea offer. Under those circumstances, the judge found that defense counsel "did all that the attorney would be expected to do in the circumstances in light of . . .

A-2429-17T2

defendant's decision not to proceed with the motion, [and instead] to plead guilty[.]"

In addition, the judge noted that defendant did not produce a certification from the investigator "as to what he could see or couldn't see. All we have is photographs from that person."[3] The judge concluded that the photographs were "not in any way dispositive of what an officer saw or said he saw in his report[,]" because there was nothing from the investigator to indicate where he was when he took the photographs. In short, defendant produced no evidence that the investigator took the pictures from the same surveillance locations the Troopers used on the date of defendant's offenses. The judge found that an evidentiary hearing was not necessary because defendant failed to prove a prima facie case of ineffective assistance.

Defendant thereafter filed a motion for reconsideration. In support of this motion, defendant produced a written memo, but not a certification or affidavit, from the investigator. This memo did not identify the specific locations the investigator used to take the photographs, and merely asserted that he was "not

---

[3] The parties did not provide us with these photographs with their appellate submissions, but later did so at our request.

sure how the police were able to see around the corner . . . to see a drug deal take place."

After oral argument, Judge Petrolle denied defendant's motion for reconsideration. In denying the motion, the judge explained:

> [I]t appears to me that these photographs are photographs from vantage points that the investigator, whom I know to be a very fine investigator and a[n] experienced police officer, are vantage points for photographing that he chose to take. But they're not the same vantage points that – or the points that the State Police had.
>
> It appears to me, from reading the report, that there was more than one vantage point. And with the detail that the police, the State Police Officer supplied as to actions and dress, apparel, each individual involved participating, it – there's no way that the . . . investigator could know where the officers, who were the State Police Investigating Officers, made their observations from.
>
> And what we have is . . . a really an effort at . . . and I don't mean to be facetious or insulting, but an effort at . . . trying to set up a straw person that the defense can then argue against.
>
> The defense is supplying the vantage points that they say the police couldn't see from. They're not in any way establishing a challenge to the vantage points the police did see from. And this is an after the fact challenge to credibility purely based on speculation.

This appeal followed.

A-2429-17T2

On appeal, defendant presents the following contentions:

POINT I

AS DEFENSE COUNSEL FAILED TO PROPERLY INVESTIGATE THE CASE, DEFENDANT'S GUILTY PLEA WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY MADE.

POINT II

THE PCR COURT WAS WRONG WHEN IT DENIED DEFENDANT'S MOTION FOR RECONSIDERATION.

POINT III

AS THERE WAS A GENUINE DISPUTE OF MATERIAL FACTS, AN EVIDENTIARY HEARING WAS REQUIRED.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v.

7

Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). The United States Supreme Court has extended these principles to a criminal defense attorney's representation of an accused in connection with a plea negotiation. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 143-44 (2012).

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

A-2429-17T2

We have considered defendant's contentions in light of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).  We affirm substantially for the reasons expressed by Judge Petrolle in his well-reasoned written opinion, and add the following brief comments.

The record amply supports Judge Petrolle's determination that defendant's plea attorney did not provide defendant with ineffective assistance.  The attorney filed a motion to suppress, raising the same allegation as defendant raised in his PCR petition.  Rather than pursue that motion, defendant decided to accept the State's offer, negotiated by his attorney, to dismiss four of the five counts of the complaint in return for a recommended sentence that would run concurrent to a sentence defendant was about to receive in another county.

Contrary to defendant's claim in his motion for reconsideration, the investigator's memo added nothing to defendant's assertion that he would have been able to establish that the Troopers' claims that they saw defendant in the alley were not credible.  Reconsideration should only be granted in "those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance

of probative, competent evidence[.]" Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). Therefore, we have held that "the magnitude of the error cited must be a game-changer for reconsideration to be appropriate." Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010).

As Judge Petrolle found, the barebones memo was not "a game-changer" because the investigator did not establish that he took the photographs from the same surveillance points the Troopers used when they observed defendant. The investigator also did not submit a certification in support of the memo. State v. Cummings, 321 N.J. Super. at 170 (stating that a defendant seeking PCR must present facts "supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification"). Thus, the judge properly concluded that defendant failed to meet either prong of the Strickland test and, therefore, he was not required to conduct an evidentiary hearing on defendant's PCR application. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2429-17T2